ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PEDRO JUAN HERNÁNDEZ RIVERA<br><br>Recurrido<br>v.<br><br>ADRIANA MARÍA CAPARRÓS JORDÁN<br><br>Peticionaria | KLCE202500078 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil. Núm. SJ2024CV07221<br><br>Sobre:<br>Cobro de dinero-ordinario |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Díaz Rivera y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Compareció la Sra. Adriana María Caparrós Jordán (en adelante, "señora Caparrós Jordán" o "peticionaria") mediante recurso de *Certiorari* presentado el 27 de enero de 2025. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro primario"), el 5 de diciembre de 2024 y notificada al día siguiente. En esa *Orden*, el foro primario denegó la solicitud de desestimación bajo la Regla 10.2(1) y (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (1) y (5).

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari.*

### -I-

El 5 de agosto de 2024, el Sr. Pedro Juan Hernández Rivera (en adelante, "señor Hernández Rivera" o "recurrido") instó una *Demanda* sobre reembolso y cobro de dinero contra la señora Caparrós Jordán.[2] Alegó que tras la disolución de su matrimonio con

---

[1] Mediante la Orden Administrativa OATA-2025-018 emitida el 10 de febrero de 2025 se designó al Juez Isaías Sánchez Báez en sustitución de la Jueza Camille Rivera Pérez.
[2] Apéndice de la apelante, anejo III, págs. 7-11.

la señora Caparrós Jordán, el foro primario —en un pleito independiente con alfanumérico SJ2020RF00056[3]— le impuso una pensión alimentaria final a favor de los dos hijos que procrearon, desglosada de la manera siguiente: (a) $5,909.43 mensual del 19 enero de 2020 al 30 de noviembre de 2020; (b) $4,849.70 mensual del 1 de diciembre de 2020 al 31 de marzo de 2021; (c) $5,397.17 mensual del 1 de abril de 2021 al 31 de julio de 2021 y (d) $5,264.17 mensual del 1 de agosto de 2021 en adelante. Además, sostuvo que cada uno de esos pagos incluía, entre otros, una aportación de 2/3 partes a la cuota de vivienda más su correspondiente mantenimiento y al préstamo de vehículo de motor más su respectivo seguro. Sin embargo, señaló que estuvo pagando el 100% de las partidas antes mencionadas desde el 19 de enero de 2020 a noviembre de 2022. Por lo cual, argumentó que tiene un crédito contra la señora Caparrós Jordán por la suma de $47,493.16.

En respuesta, el 16 de septiembre de 2024, la señora Caparrós Jordán presentó *Moción de desestimación bajo la regla 10.2(1) y (5)*.[4] Adujo que, en la medida que existe un pleito independiente sobre la liquidación de la comunidad de bienes —identificado con el alfanumérico SJ2024CV08517—, el foro primario no tenía jurisdicción sobre la materia para atender la demanda de epígrafe. Enfatizó que las reclamaciones solicitadas por el señor Hernández Rivera se rigen las capitulaciones matrimoniales otorgadas entre ellos y deben ser dirimidas en el mencionado pleito de liquidación de bienes. Además, argumentó que el señor Hernández Rivera hizo una alegación de capacidad económica para pagar 100% los gastos de

---

[3] Consta en el expediente que en el caso de alimento con alfanumérico SJ2020RF00056, el foro primario denegó al señor Hernández Rivera una solicitud de compensación para recobrar una alega suma pagada en exceso sobre las partidas de mantenimiento, hipoteca y seguro de auto. No obstante, lo instruyó a reclamar su alegado crédito en un pleito independiente. En desacuerdo, el señor Hernández Rivera apeló tal determinación ante este Tribunal revisor mediante el recurso codificado KLCE202400075. Allí, un panel hermano confirmó la decisión del foro primario. Véase, anejo IV, págs. 67-85.

[4] *Íd.,* anejo IV, págs. 12-85.

pensión alimentaria. Alegó que, por cuanto el foro primario no le impuso a ella ninguna obligación alimentaria a favor de los hijos en común, el señor Hernández Rivera no tenía ningún crédito que reclamarle. Por tanto, sostuvo que procedía la desestimación de la causa de acción interpuesta por el señor Hernández Rivera, toda vez que no contenía una reclamación que justificara la concesión del remedio solicitado.

En cumplimiento de *Orden*[5], el 18 de octubre de 2024, el señor Hernández Rivera presentó su *Oposición a moción de desestimación.*[6] Allí señaló que la señora Caparrós Jordán actuó temerariamente al presentar una demanda de liquidación de bienes unas horas antes de presentar la *Moción de desestimación bajo la regla 10.2(1) y (5)* en el caso de epígrafe. Sostuvo que la señora Caparrós pretende atribuirse la facultad de privar al foro primario de jurisdicción y eludir la causa de acción sobre cobro de dinero. Además, aclaró que su reclamación contra la señora Caparrós no tiene la finalidad de proporcionar la obligación de alimentar a los hijos en común, sino de recobrar la cantidad de dinero que le correspondía pagar a esta. Por último, argumentó que las capitulaciones matrimoniales otorgadas entre ellos no disponen nada respecto a la controversia del caso de epígrafe.

Ante esto, el 5 de diciembre de 2024, el foro primario emitió *Orden*, notificada al día siguiente, en la cual declaró *No ha lugar* la solicitud de desestimación.[7]

En desacuerdo, el 26 de diciembre de 2024, la señora Caparrós Jordán instó *Solicitud de reconsideración de la orden [11] y en la alternativa de consolidación de pleitos.* Mediante esta, reiteró sus argumentos y añadió que ambos pleitos —entiéndase, la acción de liquidación de bien y la acción de cobro de dinero— tienen identidad

---

[5] *Íd.,* anejo V, pág. 86.
[6] *Íd.,* anejo VI, págs. 87-93.
[7] *Íd.,* anejo I, pág. 1.

de partes y están predicados en los mismos hechos. Por lo cual, argumentó que procedería, en alternativa, consolidar los pleitos para que sea atentado por un mismo juzgador y evitar el riesgo de dictámenes inconsistentes entre sí.

Así las cosas, el 27 de diciembre de 2024, el foro primario emitió y notificó *Resolución Rpc 38 y 47*.[8] Mediante ese dictamen denegó tanto la solicitud de reconsideración como la solicitud de consolidación. El foro primario explicó que, a su entender, consolidar los pleitos no propende una solución rápida y económica.

Aun inconforme, el 27 de enero de 2025, la señora Caparrós Jordán acudió ante este Tribunal mediante recurso de epígrafe en el cual señaló los errores siguientes:

> PRIMER ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO DESESTIMAR LA CAUSA DE ACCIÓN DE COBRO DE DINERO BAJO LA REGLA 10.2(1) DE PROCEDIMIENTO CIVIL CARECIENDO DE JURISDICCIÓN Y COMPETENCIA CUANDO EXISTE UN PLEITO DE LIQUIDACIÓN DE BIENES DONDE LAS PARTES INVOCARON IDÉNTICOS RECLAMOS.
>
> SEGUNDO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO DESESTIMAR LA CAUSA DE ACCIÓN DE COBRO DE DINERO BAJO LA REGLA [10.2(5)] DE PROCEDIMIENTO CIVIL CUANDO NO EXISTE PAGOS EN EXCESO DE LA OBLIGACIÓN ALIMENTARIA QUE EL RECURRIDO PUEDA RECLAMAR EN CONTRA DE LA PETICIONARIA Y QUE ÉSTA LE ADEUDE EN DICHO CONCEPTO POR VIRTUD DE LA ACEPTACI[Ó]N DE CAPACIDAD ECON[Ó]MICA DEL PROPIO RECURRIDO.
>
> TERCERO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO ORDENAR LA CONSOLIDACIÓN DE LOS PLEITOS SJ2024CV07221 Y SJ2024CV08571 A PESAR DE QUE SE CUMPLEN TODOS LOS CRITERIOS QUE JUSTIFICAN LA CONSOLIDACI[Ó]N, Y RESULTA MENOS ONEROSO.

Por su parte, el 19 de febrero de 2025, el señor Hernández Rivera presentó su *Alegato de la parte recurrida*.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

---

[8] *Íd.,* anejo II, págs. 2-6.

## A. Certiorari

El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez, supra,* pág. 847.

La Regla 52.1 de Procedimiento Civil dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

32 LPRA Ap. V, R. 52.1.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025). La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* como sigue:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En síntesis, la apelante alegó que el foro primario incidió al denegar la solicitud de desestimación del caso de epígrafe bajo la Regla 10.2(1) y (5) de Procedimiento Civil, *supra*. Además, en alternativa, argumentó que el foro primario erró al no consolidar la demanda de cobro de dinero con la demanda sobre liquidación de comunidad de bienes.

De otro lado, el recurrido adujo que el hecho de que la apelante optara por instar otro pleito —unas horas antes de presentar su solicitud de desestimación y a más de un mes luego de su emplazamiento— no privó de jurisdicción al foro primario. Añadió, además, que la demanda de epígrafe no debe ventilarse en un pleito de liquidación de comunidad de bienes, toda vez que es una reclamación personal de reembolso la cual no surgió de la relación económica durante el matrimonio.

Expuesta las posturas de las partes, puntualizamos que en la medida en que el recurso de epígrafe versa sobre la denegatoria de una moción de carácter dispositivo tenemos facultad en ley para atenderlo, a tenor con la Regla 52.1 de Procedimiento Civil, *supra.*

Sin embargo, tras examinar con detenimiento los autos de epígrafe, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Recordemos que, como foro revisor, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio, parcialidad, o que hayan errado en la aplicación del derecho. Incluso, en cuando a las actuaciones discrecionales del foro primario, solo podemos intervenir para variar

el dictamen, si el foro primario abusó de su discreción. *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 434 (2013).

Conforme a nuestra jurisprudencia, el ejercicio de la discreción "se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Íd.*, pág. 435 citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977). Además, nuestra Alta Curia ha expresado que:

> [e]xisten ciertas guías para fijar cuándo un tribunal sentenciador ha incurrido en un abuso de discreción. En lo pertinente, hemos señalado que un tribunal de justicia incurre en un abuso de discreción, *inter alia*: cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.

*Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009) citando a *García v. Padró*, 165 DPR 324, 336 (2005).

En el caso ante nuestra consideración, el foro primario utilizó su discreción y determinó que no procedía la desestimación ni la consolidación del caso de acuerdo con la totalidad de las circunstancias. Específicamente, el racionamiento del foro primario fue el siguiente:

> Los casos SJ2024CV07221 y SJ2024CV08571 tienen identidad de partes y algunas alegaciones en común, pero el segundo (liquidaci[ó]n de sociedad entre excónyuges con capitulaciones) comprende asuntos y complejidades de hechos y de derecho que propenderían a atrasar, complicar y encarecer innecesariamente la resolución del presente caso. Más aún, la propia demandada provocó la multiplicidad de pleitos cuando, un mes después de emplazada en el presente caso, radicó la demanda en el caso SJ2024CV08571. Su pretensión posterior para la consolidación de los casos resulta contradictoria.[9]

Así las cosas, a base de un análisis cuidadoso de la resolución recurrida como del expediente, determinamos que no estamos en posición de concluir que la actuación del foro primario fuese

---

[9] *Íd.,* anejo II, pág. 6.

irrazonable. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario.

Además, surge del expediente que en el recurso codificado KLCE202400075 se apeló un dictamen mediante el cual el foro primario denegó una solicitud para recobrar las mismas partidas que se reclaman en el presente caso. En esa ocasión, un panel hermano determinó que el señor Hernández Rivera debía presentar la mencionada solicitud de reembolso por los alegados créditos en un pleito independiente.

Por tanto, entendemos que el foro *a quo* no incurrió en error de derecho ni abusó de discreción que, de no atenderse por este tribunal revisor, resultaría en un irremediable fracaso a la justicia.

Por último, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la resolución recurrida. Así las cosas, denegamos la expedición del auto de *Certiorari.*

**-IV-**

Por los fundamentos previamente expuestos, se **deniega la expedición** del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones